*893 OPINION.
Seawell :
The principal error assigned in the petition was:
The failure of the Commissioner to find that the taxable net income of the taxpayer for the calendar year 1921 included certain discounts or so-called commissions on mortgage loans that were neither earned nor collected during that year.
*894 However, other parts of the petition, the Commissioner’s answer, the proof submitted and the theory under which both parties have presented the case show that the error assigned improperly states the question at issue. The petitioner is engaged in making loans and when such loans are made the petitioner deducts the commission from the principal of the loan and then delivers to the borrower the balance. The petitioner is on the cash basis. The Commissioner included the commissions in taxable income for the year in which the loans were made, on the theory that the commissions were then received, whereas the petitioner contends that the commissions can not be considered as received until the loans are paid or sold and that therefore the Commissioner was in error in determining that the commissions should be considered as income received by petitioner prior to the time the loans were paid or, in the event the notes representing the loans were sold, when the notes were sold. However, in view of the acts and agreement of the parties and in view of the further consideration that permission might be given to amend the pleadings to conform to the proof, the question will be considered on the basis of the understanding of the parties as to the issue presented.
We are unable to distinguish the question here presented from that considered by us in First Trust & Savings Bank, 11 B. T. A. 1034 (affd., Blair v. First Trust & Savings Bank, 39 Fed. (2d) 462; certiorari denied, 282 U. S. 85), wherein we held that a taxpayer on the cash basis did not receive taxable income to the extent of commissions deducted from the principal in making loans until the loans were paid. The case of Columbia State Savings Bank, 15 B. T. A. 219 (affd., Columbia State Savings Bank v. Commissioner, 41 Fed. (2d) 923), to which the Commissioner refers, is distinguishable from the aforementioned case as well as the case at bar in that the taxpayer there concerned was on the accrual basis, whereas the petitioners in the case at bar and in the First Trust & Savings Bank case were on the cash basis. The contention of the petitioner is accordingly sustained.
Errors were also assigned with regard to certain adjustments to invested capital, but no evidence was offered in those respects and therefore the invested capital as determined by the Commissioner will not be disturbed.

Judgment will be entered under Rule 50.